# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BRITTNEY ANN PARR,                )
                                  )
       Plaintiff,            )
                                  )
vs.                               )     Case No. CIV-09-1073-M
                                  )
TEXAS ROADHOUSE MANAGEMENT        )
CORP.,                            )
                                  )
       Defendant.            )

## ORDER

Before the Court is Defendant's 12(b)(1) Motion to Dismiss Certain of Plaintiff's Claims with Brief in Support [docket no. 19], filed July 16, 2010. On September 3, 2010, plaintiff filed a response, and on September 10, 2010, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

## I.    BACKGROUND

Plaintiff was employed by defendant as a waitress in a restaurant located in Oklahoma City, Oklahoma from April 1, 2009 until her alleged termination on or about July 1, 2009. From the time plaintiff became employed at defendant's restaurant, she alleges there existed a pattern of unwelcome conduct which included sexually suggestive and offensive comments and whistling directed toward plaintiff by male employees. On or about May 1, 2009, plaintiff contends that a male employee trapped her in the dry storage room and physically blocked her attempt to exit, and then grabbed her and attempted to hug her. Plaintiff complained to management the same day, and the manager responded "if he does it again, just punch him." Subsequently, male employees of the restaurant continued to direct sexual comments and conduct toward plaintiff, and also began ridiculing plaintiff in the presence of management.

On June 28, 2009, plaintiff alleges she was washing dishes when she was accosted from behind by a male employee. Purportedly, the male employee violently squeezed plaintiff's left breast causing her to run away. She then went immediately to management to report this assault and thereafter reported the matter to police. Plaintiff sought medical treatment from a physician and was advised to take time off work. Plaintiff delivered the doctor's directive to defendant's management. On June 30, 2009, plaintiff returned to the restaurant for the purpose of discussing the June 28th incident with the general manager. Defendant's general manager informed plaintiff that he did not believe her "story" and warned that other employees would not support her version of events. The general manager purportedly told plaintiff in a loud and stern voice in the middle of the restaurant she would likely lose custody of her infant son if she pursued any legal action against defendant's restaurant. He also told her that other employees would purportedly say she was actually beaten up by her boyfriend. Allegedly, plaintiff suffered a nervous breakdown and did not return to work after June 30th. She was subsequently hospitalized for emotional trauma and anxiety.

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 9, 2009, and commenced this action on September 30, 2009. In this action for wrongful termination, plaintiff asserts claims for hostile work environment, retaliation, quid pro quo sexual harassment and discrimination based on gender, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Defendant now moves to dismiss certain of plaintiff's claims for the failure to exhaust administrative remedies.

II.     STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005);

2

*Penteco Corp. Ltd. P'ship - 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation omitted). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *Montaya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

III. DISCUSSION

Defendant asserts plaintiff failed to exhaust her administrative remedies such that her claim for wrongful termination should be dismissed. Plaintiff counters that her EEOC Charge and Intake Questionnaire sufficiently support of a claim for constructive discharge. "A constructive discharge occurs when an employer, through unlawful acts, makes working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign. Working conditions must be so severe that the plaintiff simply had no choice but to quit." *Exum v. United States Olympic Comm.*, 389 F.3d 1130, 1135 (10th Cir. 2004) (internal citations omitted).

Plaintiff specifically charged:

    I.    On June 28, 2009, Roman V., grabbed me by my chest and ripped his arm back, leaving bruises on my chest and arm. I reported this unwelcome behavior to Shelby Winters, Manager. Peter (Inu), Owner, called me to his office and spoke with me.

    II.    No reason has been given for the hostile work environment. I heard your boyfriend has been abusing you and that your family is involved in insurance fraud, these are the things the

3

      owner, Peter accused me of when he called me [sic] into his office.

  III.  I believe that I have been sexually harassed due to my gender, and threatened in retaliation for complaining of the unwelcome behavior, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*See* Response, Plaintiff's Exhibit 1. Separately, the Intake Questionnaire states with particularity that plaintiff was forced to work with a male employee until her shift was over despite her complaints about sexual battery, and the restaurant owner "blamed everything on the father of my son, and also told me lies about my family." *See* Response, Plaintiff's Exhibit 2.

  "Discrete acts such as termination...are easy to identify." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 113. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.*

  In this case, the Court finds plaintiff's EEOC Charge does not set forth a claim for constructive discharge either on its face or factually. Read liberally, the Charge complained not of constructive discharge, but rather of hostile work environment, sexual harassment, gender discrimination and retaliation. "While we can give her words a liberal construction, filling in gaps and reading vague terms expansively, we are not entitled to invent '*ex nihilo*, a claim which simply was not made.'" *Nettle v. Cent. Okla. Am. Indian Health Council, Inc.*, 334 Fed. Appx. 914, 920 (10th Cir. 2009) (unpublished) (citation omitted and emphasis in original). The Court concludes

4

nothing in the EEOC Charge put defendant on notice that plaintiff was challenging the discrete act of constructive discharge.

Plaintiff, however, asserts that the Intake Questionnaire is part of the EEOC Charge because it includes evidentiary information to justify the EEOC Charge. Defendant contends that the Intake Questionnaire alone is insufficient to constitute a Charge of Discrimination. Without deciding the issue of whether an Intake Questionnaire alone is sufficient to constitute a Charge of Discrimination, there is "a 'narrow exception' to the exhaustion requirement-permitting a claim for incidents not listed in the original administrative charge to be included in the lawsuit if the incidents are 'like or reasonably related to the allegations' of the administrative charge." *Dunlap v. Kansas Dept. of Health & Evn't*, 127 Fed. Appx. 433, 438 (10th Cir. 2005) (unpublished). The Court finds that plaintiff's allegation of a constructive discharge, read expansively, is "like or reasonably related to the allegations" in her EEOC Charge triggering the narrow exception to the exhaustion requirement. Accordingly, the Court denies defendant's motion to dismiss plaintiff's constructive termination claim.

Defendant also asserts that plaintiff has failed to administratively exhaust her claim for quid pro quo sexual harassment. Defendant contends this claim is separate and discrete from plaintiff's claim of sexual harassment stated in plaintiff's EEOC Charge. Plaintiff failed to address her claim of quid pro quo sexual harassment in her response to defendant's motion to dismiss. Having reviewed the parties' submissions, the Court finds that plaintiff has failed to allege sufficient allegations in her Charge to support a claim for quid pro quo sexual harassment which would prompt a reasonable EEOC investigator to initiate an investigation into her claims. The Court concludes

5

that plaintiff has failed to exhaust this claim and, therefore, it should be dismissed for lack of subject matter jurisdiction.

IV.   CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss as follows: the Court GRANTS defendant's motion to dismiss as to plaintiff's quid pro quo sexual harassment claim, and the Court DENIES defendant's motion to dismiss as to plaintiff's constructive termination claim.

**IT IS SO ORDERED this 7th day of December, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE