# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY ANN PARR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-09-1073-M |
| TEXAS ROADHOUSE HOLDINGS, LLC, d/b/a TEXAS ROADHOUSE RESTAURANT, 6200 SE 3rd, Oklahoma City, Oklahoma, and ROMAN V., an individual, and TEXAS ROADHOUSE MANAGEMENT CORP., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is "Plaintiff's Motion for New Trial and Combined Motion to Alter, Amend, or Vacate a Portion of the Court's January 3, 2011 Order" [docket no. 36], filed January 28, 2011. On February 16, 2011, defendants filed their response, and on February 21, 2011, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

On September 30, 2009, plaintiff commenced this action arising out of her employment as a waitress at Texas Roadhouse Restaurant in Oklahoma City, Oklahoma. In her Amended Complaint, she alleges four separate and distinct causes of action characterized by three counts: Count 1 alleges hostile work environment by virtue of her exposure to sexual harassment, and alternatively, alleged "quid pro quo" sexual harassment against defendants Texas Roadhouse Holdings LLC and Texas Roadhouse Management Corporation (collectively "Texas Roadhouse"); Count 2 alleges unlawful employment discrimination based upon retaliation against Texas Roadhouse; and Count 3 alleges assault and battery against defendant Rolman Velasquez ("Velasquez").

On January 4, 2010, plaintiff stipulated to dismiss defendant Velasquez from this action. On July 16, 2010, defendants filed a motion to dismiss certain of plaintiff's claims for lack of subject matter jurisdiction. On December 7, 2010, the Court granted in part and denied in part the motion to dismiss as follows: the Court granted the motion to dismiss as to plaintiff's quid pro quo sexual harassment claim and denied the motion to dismiss as to plaintiff's unlawful employment discrimination based upon retaliation. The Court did not address plaintiff's sexual harassment and her assault and battery claims. On December 8, 2010, defendants file a Request for Clarification of Order related to the motion to dismiss. On January 3, 2011, the Court granted the motion to clarify, dismissed the action for lack of subject matter jurisdiction and entered judgment.

Plaintiff now moves the Court for a new trial as to plaintiff's sexual harassment and assault and battery claims. Further, plaintiff moves the Court to alter, amend or vacate certain findings of its Order and Judgment entered January 3, 2011.

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows reversal of a final judgment, order, or proceeding for "any other reason that justifies relief." The Court recognizes that Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." *In re Woods*, 173 F.3d 770, 780 (10th Cir. 1999).

In this case, plaintiff asserts that her sexual harassment claim was improperly dismissed, and the allegations in her Amended Complaint properly set forth such a claim. Because there is a complete absence of a reasonable basis for summary dismissal of plaintiff's sexual harassment claim, and this portion of the decision was certainly wrong, the Court agrees this claim was improperly dismissed. Further, the Court finds this case presents such extraordinary circumstances as to warrant that justice be done in light of all the facts. Accordingly, the Court grants plaintiff's

motion as to her sexual harassment claim.

In reference to plaintiff's assault and battery claim, defendants assert and plaintiff concedes that her assault and battery claim is no longer viable based upon the January 4, 2010 dismissal. The Court, therefore, denies as moot plaintiff's motion as to her assault and battery claim.

Accordingly, the Court GRANTS IN PART and DENIES IN PART the instant motion as follows: the Court GRANTS the instant motion as to plaintiff's sexual harassment claim and the Court DENIES as moot the instant motion as to plaintiff's assault and battery claim. The Court VACATES its January 3, 2011 Order and Judgment as to plaintiff's sexual harassment claim. Furthermore, the Court REOPENS this action, and ORDERS that this matter be placed on the next available status and scheduling conference docket.

**IT IS SO ORDERED this 1st day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE